IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL S. YANGA,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al.,<br><br>Defendants. | 8:19CV420<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on two motions that were filed by Plaintiff on October 13, 2020 (Filings 18 and 20). Both motions will be denied.

### Motion for Reassignment (Filing 20)

Filing 20 is designated by Plaintiff as an "Affidavit in Support of Motion to Disqualify or Change Venue." There is no separately filed motion. Citing 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(2), Plaintiff apparently is requesting the reassignment of this case to another judge based upon "previous prosecution of Plaintiff by judge while district attorney." (Filing 20 at 1.) This claim is misplaced, as I have never prosecuted Plaintiff or, for that matter, ever served as a district attorney.

I have denied two petitions for writs of habeas corpus Plaintiff filed in this court. See Case Nos. 8:18-cv-00089-RGK-PRSE and 4:18-cv-03009-RGK-PRSE. Those adverse rulings, however, do not warrant my recusal or disqualify me from presiding over this case. Nor are there any other reasons why this case should be reassigned to another judge. A motion to recuse "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (quoting *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993)).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C.A. § 144 (Westlaw 2020).[1] Alternatively, a recusal motion may be considered under 28 U.S.C. § 455, which provides, *inter alia*, that a judge shall disqualify himself where "his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.A. § 455(a), (b)(1) (Westlaw 2020).[2]

"Under both sections 144 and 455, the moving party is required to show personal bias or prejudice on the part of the presiding judge." *United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Id.*; *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) ("[T]here is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source."). That is to say, "personal bias or prejudice" does not include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *See Liteky v. United States*, 510 U.S. 540, 551 (1994). "[A judge's] opinions warrant recusal under § 455(a) only if they 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Chastain*, No. 19-2627, __ F.3d __, 2020 WL 6304702, at *4 (8th Cir. Oct. 28, 2020) (quoting *United States v. Sypolt*, 346 F.3d 838, 839 (8th Cir. 2003), in turn quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

---

[1] "[T]he plain text of § 144 mandates only that a district court judge ensure that another judge is assigned to any case in which a litigant has sufficiently alleged bias or prejudice, not that the recusal decision itself be rendered by a judge other than the judge to whom the motion is addressed." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017).

[2] The subsection of § 455 cited by Plaintiff requires disqualification where "in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C.A. § 455(b)(2) (Westlaw 2020). This subsection has no possible application here.

Apart from Plaintiff's erroneous statement that he has been prosecuted by the undersigned judge, his affidavit consists only of conclusory allegations of "personal bias or prejudice," which is insufficient. *See Holloway v. United States*, 960 F.2d 1348, 1350 (8th Cir. 1992) ("Affidavits based on conclusions, opinions, and rumors are an insufficient basis for recusal." (quoting *Davis v. Commissioner,* 734 F.2d 1302, 1303 (8th Cir.1984)). In sum, Plaintiff's motion for reassignment is without merit and will be denied.

## Motion for Appointment of Counsel (Filing 18)

There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "may" appoint counsel. *See* 28 U.S.C. § 1915(e); *Phillips*, 437 F.3d at 794; *Edgington*, 52 F.3d at 780. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington,* 52 F.3d at 780. Having considered these factors, the court concludes that appointment of counsel is not warranted at this time. *See, e.g., Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims).

This is not a complicated case that requires extensive investigation. Plaintiff's lack of legal training and limited access to a law library do not differentiate him from most pro se prisoner-plaintiffs. While Plaintiff states his first "language is not the English Language and [he] has difficulty putting his pleadings together, and has asked other inmates to assist him," Plaintiff was able to file an Amended Complaint on the same date he filed these motions.[3]

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for reassignment (Filing 20, "Affidavit in Support of Disqualify or Change Venue") is denied in all respects.

2. Plaintiff's motion for appointment of counsel (Filing 18, "Motion for Civil Action Certification and Appointment of Civil Counsel") is denied without prejudice to reassertion.

Dated this 19th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[3] After conducting an initial review of Plaintiff's original Complaint, and finding that it failed to state a claim upon which relief may be granted, or for which there is subject matter jurisdiction, the court on its own motion gave Plaintiff leave to amend. Plaintiff requested and was granted an extension of time because of a quarantine at the Nebraska State Penitentiary, and thereafter filed his Amended Complaint in a timely manner. The court will review Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A in its normal course of business, and will then issue a separate memorandum and order as to whether the case may proceed to service of process.