IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL S. YANGA,<br><br>  Plaintiff,<br><br>  vs.<br><br>EASTMAN, correctional officers at state prison of Nebraska, in their individual and official capacities; M. SPAINHOWER, correctional officers at state prison of Nebraska, in their individual and official capacities; PETER, correctional officers at state prison of Nebraska, in their individual and official capacities; WESSEL, correctional officers at state prison of Nebraska, in their individual and official capacities; SCHAFFER, correctional officers at state prison of Nebraska, in their individual and official capacities; and PATIDA, correctional officers at state prison of Nebraska, in their individual and official capacities;<br><br>  Defendants. | **8:19-CV-420**<br><br><br>**ADOPTION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the Findings and Recommendation of United States Magistrate Judge Susan M. Bazis. Filing 46. Plaintiff, Emmanuel S. Yanga, has filed an "Objection to the court impartial toward plaintiff," Filing 48, which the Court construes as an objection to the Findings and Recommendation and a "Motion of Request Removal or Replacement of the Judge Cause of play politician cover up," Filing 47, which the Court construes as a motion to recuse. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and adopts the Findings and Recommendation of the Magistrate Judge, overrules Yanga's objection, and denies Yanga's recusal motion.

## I.      BACKGROUND

1

On September 23, 2019, Yanga brought suit alleging his civil rights were violated while he was incarcerated in a Nebraska State Penitentiary. Filing 1 at 1. Yanga is proceeding in forma pauperis. Filing 9. Yanga sought to "disqualify judge or change venue for personal bias or prejudice against plaintiff" on October 13, 2020, Filing 20, which the Court treated as a motion for reassignment to a different judge and denied on November 19, 2020, Filing 22.

On February 11, 2021, the Court ordered Yanga to complete service of process by May 12, 2021. Filing 28 at 15. Yanga failed to provide complete names for two of the six correctional officers he alleges violated his constitutional rights per his 42 U.S.C. § 1983 claim. Filing 28 at 13; Filing 1 at 4; Filing 17 at 7. The Court searched the State of Nebraska Online Employee Directory and was able to identify four of the six named officers: Cody Eastman; Micala L. Wessel; Galen R. Schaffer; and Matthew U. Patida. Filing 28 at 13. The U.S. Marshals Service was instructed to serve defendants Eastman, Wessel, Schaffer, and Patida at their place of business, the Nebraska State Penitentiary. Filing 28 at 14. However, the Court instructed Yanga to provide additional identifying information such as full names and/or addresses for the two remaining defendants, "Peter" and "M. Spainhower," who could not be identified by the Court's search. Filing 28 at 13-14.

On March 17, 2021, the Court sent Yanga the appropriate summons form to complete and send back to the clerk of the court for the remaining defendants. Filing 28 at 15; Filing 41. Yanga identified "M. Spainhower" as "Michael Spainhower," but failed to provide "Peter's" full name or other identifying information. Filing 42 at 2-7. Yanga did not provide addresses for either Spainhower or Peter, but rather listed the Nebraska State Penitentiary, stating that the Penitentiary's address was where Yanga had last seen the defendants and the Penitentiary would know their current addresses. Filing 42 at 2-7. On May 20, 2021, the Court issued a Show Cause

Order requesting Yanga show why "Peter" and "M. Spainhower" should not be dismissed for lack of prosecution. Filing 43 at 1. Yanga reasserted his allegation that officers M. Spainhower and Peter violated his Eighth Amendment rights, and alleged M. Spainhower "was the original killer," but he did not explain why Yanga failed to serve process on these defendants. Filing 44 at 1. The Court extended the deadline to June 29, 2021, for Yanga to show cause why Peter and M. Spainhower should not be dismissed for lack of service. Filing 45. Yanga did not respond to that order. Filing 46. Consequently, on July 1, 2021, the Court entered its Findings and Recommendation that defendants M. Spainhower and Peter be dismissed. Filing 46. Yanga timely filed an objection, Filing 48, and also filed a motion for recusal, Filing 47, as well as a "Brief in opposition miscarriage of justice objection" which reiterates many of Yanga's prior arguments.

## II.     DISCUSSION

### A.  Standard of Review

A magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" regarding dispositive motions, such as an involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A-B). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B.  Objection to Findings and Recommendation

Yanga appears to object to the Findings and Recommendation on two grounds: first, that the Court failed to serve process on M. Spainhower and Peter at the Nebraska Department of

Corrections, and second, that the judge[1] assigned to his case was biased and behaved inappropriately because M. Spainhower and Peter were not located like the rest of the defendants. Filing 48 at 1. This Court will review de novo the Magistrate's recommendation to dismiss M. Spainhower and Peter due to lack of prosecution per 28 U.S.C. § 636(b)(1)(C). Yanga appears to assert the other defendants were able to be served at the penitentiary, and therefore Spainhower and Peter should be served at that address as well. Filing 48 at 1 (stating, "Spainhower and Peter last located at the department of corrections as the rests"). The question before the Court is whether Yanga provided sufficient information in his returned summons forms, Filing 42, to enable the United States Marshal Service to serve process on defendants "M. Spainhower" and "Peter."

Plaintiffs proceeding in forma pauperis are entitled to the Court's assistance in serving process. 28 U.S.C. § 1915(d). The language in § 1915(d) is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (citing *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 302 (1989)). "[Section] 1915(d) compels the officers of the court to perform 'all duties' associated with such process." *Moore*, 123 F.3d at 1085. However, an in forma pauperis plaintiff is required to facilitate the process: "*So long as the prisoner has furnished the information necessary to identify the defendant*, the marshal's failure to effect service is automatically good cause with[in] the meaning of [Federal Rules of Civil Procedure Rule 4(m)]." *Id.* (emphasis added) (internal quotation marks omitted) (quoting *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)); *see also Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) ("The [in forma pauperis] plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants.").

---

[1] Yanga does not specify whether his motion relates to Senior Judge Kopf, Magistrate Judge Bazis, or the undersigned judge. Regardless, his motion fails to state a basis why any of the judges who have presided over the case have acted improperly in relation to attempting to serve M. Spainhower and Peter.

Yanga's repeated failure to comply with the Court's orders requiring him to provide additional information warrants the dismissal of the two unserved defendants. The Court gave Yanga several opportunities to provide either an address for the unserved defendants, Filing 28, or to show cause why he had not been able to provide that information, Filing 43; Filing 45. Yanga indicated the Nebraska State Penitentiary address was the "last seen address" for both parties. Filing 42 at 3, 6. However, the Court made Yanga aware that it could not serve process on the defendants at the Nebraska State Penitentiary address. Filing 28 at 13. Yanga was explicitly warned that "failure to comply with this Order may result in the dismissal of these defendants." Filing 43 at 1. While Yanga responded to the first show cause order, Filing 43, he failed to explain why the defendants had not been served, did not provide updated address or identifying information, and only restated his cause of action against them, Filing 44. Yanga was again warned that "[f]ailure to [show cause] will result in a recommendation that this action be dismissed as to those defendants," and he still failed to provide the requested information. Filing 45 at 1. Yanga's continued failure to respond to the court's orders justifies dismissal of the two unserved defendants. *See, e.g.*, *Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (upholding the dismissal of unserved defendants where the in forma pauperis plaintiff "ignored . . . his obligation to comply" with the court's order to provide updated address information).

Yanga's objection, Filing 48, is overruled. This Court adopts the magistrate's recommendation, and Yanga's claims against "Peter" and "M. Spainhower" will be dismissed for lack of service of process pursuant to Federal Rule of Civil Procedure 4(m).

### C. Motion for Recusal

Yanga has also filed a motion asking that the judge be removed for "playing racist politician." Filing 47. Yanga also requested in his Objection to the Magistrate's Findings and

Recommendation that the court "recuse itself from further proceeding in this action" for two reasons: first, that the Court failed to serve process on two defendants, and second, that the judge is biased and "overzealous towards the plaintiff." Filing 48 at 1. The Court treats these arguments as a motion for recusal under 28 U.S.C. § 455(a).

"Under [§ 455], the moving party is required to show personal bias or prejudice on the part of the presiding judge." *United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Id.* "[A judge's] opinions warrant recusal under § 455(a) only if they 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Chastain*, No. 19-2627, 2020 WL 6304702, at *4 (8th Cir. Oct. 28, 2020) (quoting *United States v. Sypolt*, 346 F.3d 838, 839 (8th Cir. 2003)).

Like his denied Motion for Reassignment, Filing 20, Yanga makes insufficient "conclusory allegations of 'personal bias or prejudice.'" Filing 22 at 3 (quoting *Holloway v. United States*, 960 F.2d 1348, 1350 (8th Cir. 1992)). Yanga asserts that because the Court failed to serve process on Spainhower and Peter, it has demonstrated impartiality and bias meriting disqualification under 28 U.S.C. § 455(a). Filing 48 at 1. However, as discussed above, the Court provided several opportunities for Yanga to produce additional information in order for the Court to complete service of process on the unserved defendants. Filing 28; Filing 43; Filing 45. That the Court provided so many opportunities for Yanga to address the insufficiencies in his summons demonstrates that the judge did not behave "overzealously" towards Yanga and shows instead that Yanga was given every opportunity to explain why he could not serve process on the unserved defendants. Yanga does not provide any evidence for claiming that the judge was "playing racist

politician." Filing 47. There is no basis for either the Magistrate Judge or the undersigned judge to recuse themselves from this case. For these reasons, Yanga's motion at Filing 47 is denied.

### III.    CONCLUSION

For the reasons stated above, this Court overrules Yanga's Objection, denies Yanga's Motion for Removal, and adopts the magistrate's Findings and Recommendation.

IT IS ORDERED:

1. Magistrate Judge Bazis's Findings and Recommendation, Filing 46, is adopted in its entirety;

2. Defendants M. Spainhower and Peter are dismissed as parties to the case;

3. Yanga's Objection, Filing 48, is overruled; and

4. Yanga's Motion for Removal, Filing 47, is denied.


Dated this 10th day of August, 2021.


BY THE COURT:

_____
Brian C. Buescher
United States District Judge