IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL S. YANGA,<br><br>Plaintiff,<br><br>vs.<br><br>EASTMAN, correctional officers at state prison of Nebraska, in their individual and official capacities; WESSEL, correctional officers at state prison of Nebraska, in their individual and official capacities; SCHAFFER, correctional officers at state prison of Nebraska, in their individual and official capacities; and PATIDA, correctional officers at state prison of Nebraska, in their individual and official capacities,<br><br>Defendants. | 8:19-CV-420<br><br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION IN LIMINE** |

    This matter comes before the Court pursuant to Plaintiff's Motion in Limine. Filing 72. In his Motion, Plaintiff seeks to exclude "Douglas J. Peterson" and "Frakes Scott" as experts "if chosen to give testimony as experts . . . ." Filing 72 at 2. Plaintiff's Motion repeatedly cites to both Federal Rules of Evidence 702 and 703, and also references the "Daubert line of cases . . . ." Filing 72 at 2-4. In their responsive brief, Defendants aver that "Douglas J. Peterson is the Attorney General of Nebraska" and "Frakes Scott is the incorrect name for Scott R. Frakes, Director of the Nebraska Department of Correctional Services." Filing 75 at 1 n.1.

    Pursuant to the Final Progression Order in this case, Defendants were required to identify any expert witnesses that they expected would testify at trial by March 11, 2022. Filing 61 at 2

1

(¶8). In their brief they filed on June 29, 2022, Defendants represented to this Court that they "have not designated either Attorney General Peterson or Director Frakes as experts at this time." Filing 75 at 3. Because Defendants stated that they had not designated either Attorney General Peterson or Director Frakes as expert witnesses well after their expert identification deadline had already come to pass, there is no basis for this Court to conclude that either of these individuals will be identified as expert witnesses at a later point in time. Nor does Plaintiff's Motion point to anything which suggests that either of these individuals have been identified as experts. Thus, a motion in limine to exclude expert testimony from individuals who have not been identified or designated as experts has no merit.

    IT IS ORDERED that Plaintiff's Motion in Limine, Filing 72, is denied.

    Dated this 9th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge