IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL S. YANGA,<br><br>Plaintiff,<br><br>vs.<br><br>EASTMAN, correctional officer at state prison of Nebraska, in their individual and official capacities; WESSEL, correctional officer at state prison of Nebraska, in their individual and official capacities; SCHAFFER, correctional officer at state prison of Nebraska, in their individual and official capacities; and PATIDA, correctional officer at state prison of Nebraska, in their individual and official capacities,<br><br>Defendants. | 8:19–CV–420<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO RECONSIDER SUMMARY JUDGMENT** |

This case is before the Court on plaintiff Emmanuel S. Yanga's November 22, 2022, document entitled "Summary Judgment Unconstitutional." Filing 93. In this document, Yanga alleges among other things that an official in the Nebraska Attorney General's Office and a federal judge in this district have engaged in biased, racist, and criminal conduct "target[ing] cases of people of color" and manipulating them for their own personal interests. Filing 93 at 2–3. Yanga alleges further that "Nebraska Federal Judges across the country are passing out favorable summary judgment rulings to corporations and government agencies as if they were candy to a baby" in violation of the Seventh Amendment right to a jury trial. Filing 93 at 3–4. He contends that "the court [sic] use of a summary judgment motion is an impermissible and unconstitutional intrusion against citizens [sic] rights to jury trial as summary judgments interfere with citizens' fundamental right to seek redress under the Seventh Amendment." Filing 93 at 4. The document concludes as follows:

> For the foregoing reasons, the bench conduct such as (1) criminal behavior (2) improper use of a judge's authority (3) publicly commenting on a pending or expected court case (4) giving or receiving bribes or favors (5) this court must be charged with obstruction of justice and abuse of judicial system to favor themselves.

Filing 93 at 5–6.

It appears that Yanga seeks reconsideration of the summary judgment entered in this case on November 2, 2022, and prior determinations on constitutional, ethical, and criminal grounds. One thing that is not clear is whether Yanga seeks relief after judgment was entered in his case (and after he has already filed a Notice of Appeal) pursuant to either or both Federal Rules of Civil Procedure 59(e) and 60(b). The Court need not decide that issue, because the challenges Yanga now mounts were never previously presented to the Court. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (explaining that generally on a Rule 59(e) motion "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."): *Arnold v. ADT Sec. Servs., Inc*., 627 F.3d 716, 721 (8th Cir. 2010) (explaining that Rule 60(b) motions are not a proper means to "tender new legal theories for the first time" or to reargue the merits of a decision).

Accordingly,

IT IS ORDERED that plaintiff Emmanuel S. Yanga's November 22, 2022, document entitled "Summary Judgment Unconstitutional," Filing 93, construed by the Court as a Motion to Reconsider, is denied in its entirety.

Dated this 23rd day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge